# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PAULINE LOMAX**                                                                 **PLAINTIFF**

v.                                           No: 3:22-cv-00263-JM-PSH

**CARTER,** *et al.*                                                              **DEFENDANTS**

## INITIAL ORDER FOR *PRO SE* PRISONER PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

IT IS THEREFORE ORDERED THAT:

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second: Pay the Filing Fee.** Every civil case filed by a prisoner – including this one – requires the plaintiff to pay a filing fee either at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply for leave to proceed *in forma pauperis* ("IFP"). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your prisoner account. Importantly, the entire filing fee will be collected, even if your lawsuit is dismissed.

The provided financial information demonstrates that you do not have sufficient funds to pay the filing fee. Thus, your IFP motion, Doc. No. 1, is GRANTED. The Court does not assess an initial partial filing fee. Your custodian is directed to collect monthly payments equal to 20% of the preceding month's income in your institutional account each time the amount in that account is greater than $10. Your custodian must send those payments to the Clerk until a total of $350 has been paid.

**Third: Provide Addresses for Service.** All defendants must be served with the complaint and a summons within 90 days of the filing of a complaint. This includes "John/Jane Doe" defendants. Any defendant who is not served within 90 days can be dismissed, without prejudice, from the lawsuit. If you are proceeding IFP, the Court will order service of process on the defendants if it determines that service is appropriate after screening your complaint as required by 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e). However, it is your responsibility to identify

defendants, including "Doe" defendants, and to provide valid service addresses for defendants. You may send discovery requests, or use other means, to find valid service addresses for defendants.

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a jury trial, however, a lawyer may be appointed to assist you before trial.

**Fifth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer). No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Sixth: Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Seventh: Provide a Witness List.** If your case is set for a hearing or trial, as your hearing or trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will make efforts to ensure the attendance of all appropriate witnesses.

IT IS FURTHER ORDERED THAT:

1. The Clerk is directed to send a copy of this Order to the Greene County Sheriff.

2. The Court will not order service of process at this time but instead directs Lomax to file an amended complaint to clarify her claims. Lomax sues Dr. Carter and an unnamed maintenance worker. She complains of the diet at the Greene County Detention Facility, her medical treatment there, and mold in the showers. In her Amended Complaint, Lomax must name or describe all the persons she intends to sue and describe how they were personally involved in the violation of her constitutional rights,[1] and how she was injured as a result. She should also explain why she sues defendants in their official capacities.[2] Lomax should note that she

---

[1] A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

[2] Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the county itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, defendant county employees can only be held liable in their official capacities if a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

may not combine unrelated and legally distinct claims based on wholly separate incidents in one lawsuit; rather, she must amend his complaint to describe only one factually related incident or issue.³

The Clerk of Court is directed to send a blank § 1983 complaint form to Lomax. Lomax is cautioned that an amended complaint renders her original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event she fails to file an amended complaint conforming to this order by that date, this case may be dismissed.

IT IS SO ORDERED this 13th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

³ Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.*, 2012 WL 3041312 (E.D. Ark. 2012).