# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PAULINE LOMAX**                                                              **PLAINTIFF**
**ADC #706185**

v.                      No: 3:22-cv-00263-JM-PSH

**CARTER,** *et al.*                                                   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Pauline Lomax filed a *pro se* complaint on October 11, 2022, while incarcerated at the Greene County Detention Center (Doc. No. 2). She is currently incarcerated at the Arkansas Division of Correction's McPherson Unit (*see* Doc. No. 7). At the Court's direction, Lomax filed an amended complaint (Doc. No. 10). The

Court has reviewed Lomax's amended complaint and finds that her claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived her of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983. Because Lomax's initial complaint described unrelated claims against more than one defendant, she was directed to file an amended complaint identifying claims relating to one issue and describing the involvement of each named defendant and how she was injured as a result of any alleged constitutional violations. Lomax did not significantly narrow or clarify her claims. She sues Dr. Carter and an unnamed maintenance worker, complains of the diet at the Greene County Detention Facility, about her medical treatment there, and about mold in the vents. Doc. No. 10 at 4. Because she did not choose to pursue one issue, the Court will choose one for her. The Court therefore screens what appears to be Lomax's chief complaint: that Dr. Carter did not prescribe a water pill or address her complaints regarding spicy food. Liberally construing Lomax's amended complaint, the Court construes this allegation as an Eighth Amendment deliberate indifference claim.[1]

---

[1] Lomax also complains that maintenance failed to clean mold out of the vents and indicates she had trouble eating the food served at the jail. Doc. No. 10 at 4. These allegations are conclusory at best and do not describe a viable constitutional claim. These claims are also subject to dismissal because they are unrelated to her chief complaint. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.[2] *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Lomax alleges that Dr. Carter changed her medicine in response to her complaints regarding spicy food, but that the new medicine did not help. Doc. No. 10 at 4. She further alleges that Dr. Carter said she may be holding water but did

---

[2] Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's prohibition on cruel and unusual punishment. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). However, pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment. *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam) (applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care); *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016) (Court declined to address the proper constitutional standard unnecessarily, but noted that when that case was decided it was not clearly established that a pre-trial detainee was entitled to more protection than that provided by the Eighth Amendment).

not prescribe a water pill (diuretic). *Id.* Lomax does not describe any medical condition constituting an objectively serious medical need. She also fails to describe any injury she suffered as a result of not receiving specific treatment. Her mere disagreement with Dr. Carter's treatment does not rise to the level of a constitutional violation. In sum, she describes no facts to support her conclusory claim that Dr. Carter was deliberately indifferent to her serious medical needs. Accordingly, Lomax's inadequate medical care claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Lomax's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action be considered a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 25th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE